# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01057-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 7)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 1, 2019. (ECF No. 1)

Currently before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed on September 26, 2019. (ECF No. 7.)

## I.
## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed.

Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

## II.

## DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following cases[1]: (1) Hammler v. Director of CDCR, No. 1:17-cv-00097-NJV (N.D. Cal.) (dismissed on April 27, 2017 for failure to file an amended complaint, following a screening order dismissing complaint for failure to state a claim); (2) Hammler v. Hudson, No. 2:16-cv-01153-JAM-EFB (E.D. Cal.) (dismissed on May 17, 2019 after defendants' motion to dismiss was granted because plaintiff's failure to exhaust administrative remedies was apparent on the face of the complaint and attachments thereto); and (3) Hammler v. Hough, No. 3:18-cv-01319-LAB-BLM (S.D. Cal.) (dismissed on May 24, 2019 for failure to state a claim and as frivolous). See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." (citation and internal quotation marks omitted)); El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (stating that a dismissal for failure to exhaust administrative remedies counts as a strike under § 1915(g) if the failure to exhaust is apparent from the face of the complaint).

Therefore, Plaintiff's motion to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on August 1, 2019. Andrews, 493 F.3d at 1053-56. In his complaint, Plaintiff alleges that, on July 31, 2015, August 12, 2015, February 19, 2018, and June 6, 2019, Defendants informed other prisoners of confidential facts from Plaintiff's C-File and privileged records to cause the other prisoners to become "inflamed." (ECF No. 1, at 4.)

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

However, Plaintiff's complaint does not contain any allegations demonstrating that, at the time he filed his complaint, he was in imminent danger of serious physical injury from any prisoners who became "inflamed" after learning confidential information about him from Defendants. Andrews, 493 F.3d at 1056-57. Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), Plaintiff's motion to proceed *in forma pauperis* must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

## III.
## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 7), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 2, 2019**

_____
UNITED STATES MAGISTRATE JUDGE