**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN HAMMLER,<br><br>              Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>             Defendants. | Case No. 1:19-cv-01057-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND REQUIRING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(ECF Nos. 7, 10)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action on August 1, 2019. (ECF No. 1.) On September 26, 2019, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 7.)

On October 2, 2019, the assigned Magistrate Judge issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 10.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (Id.) Plaintiff timely filed objections on October 24, 2019.

1

(ECF No. 11.)

In his objections, Plaintiff asserts that his application to proceed *in forma pauperis* should be granted because two of the three cases cited by the Magistrate Judge do not qualify as strikes pursuant to § 1915(g).

First, Plaintiff contends that Hammler v. Hudson, No. 2:16-cv-01153-JAM-EFB (E.D. Cal.) ("Hudson") cannot be counted as a strike for two reasons. Initially, Plaintiff argues that Hudson cannot be counted as a strike because the action was dismissed on a ground other than it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Specifically, Plaintiff states that, since the court in Hudson considered materials outside of the pleading in deciding Defendants' motion to dismiss for failure to exhaust administrative remedies, the dismissal in Hudson must be treated as a dismissal resulting from the grant of a motion for summary judgment based on the absence of a material issue of fact, not a dismissal resulting from the grant of a motion to dismiss based upon failure to state a claim.

However, after reviewing the November 27, 2018 findings and recommendations regarding Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and the May 17, 2019 order adopting the findings and recommendations, granting Defendants' motion to dismiss, and dismissing Plaintiff's claims without prejudice for failure to exhaust administrative remedies in Hudson, it is clear that Defendants' motion to dismiss was not converted into a motion for summary judgment because the Hudson court did not rely on any materials outside of the pleadings when the court decided Defendants' motion to dismiss. See Jackson v. Southern California Gas Co., 881 F.2d 638, 642 n.4 (9th Cir. 1989) (Rule 12(b)(6) motion to dismiss is only converted into a motion for summary judgment when court relies on the matters outside of the pleadings in deciding the motion). Specifically, the Hudson court granted Defendants' motion to dismiss and dismissed Plaintiff's claims without prejudice because it was clear from the face of Plaintiff's amended complaint and the attachments thereto that Plaintiff failed to exhaust his administrative remedies before filing Hudson. By finding that Plaintiff's failure to exhaust was clear from the face of Plaintiff's amended complaint, the Hudson court dismissed the action pursuant to Rule 12(b)(6) for failure to state a claim, a ground enumerated in

2

§ 1915(g). El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) (holding that an action may be dismissed pursuant to Rule 12(b)(6) for failure to state a claim where a plaintiff's failure to exhaust administrative remedies is "clear from the face of the complaint[]").

Next, Plaintiff argues that Hudson cannot be counted as a strike because the action was dismissed without prejudice. However, "[b]ecause § 1915(g) of the current PLRA does not distinguish between dismissals with and without prejudice, … a dismissal without prejudice may count as a strike." O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008); see also Paul v. Marberry, 658 F.3d 702, 704 (7th Cir. 2011) ("A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, whether or not it's with prejudice." (internal citation omitted)); Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) ("Moreover, a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim."). Therefore, Hudson is appropriately counted as a strike pursuant to § 1915(g).

Second, Plaintiff contends that Hammler v. Hough, No. 3:18-cv-01319-LAB-BLM (S.D. Cal.) ("Hough") cannot be counted as a strike because the case is currently on appeal with the Ninth Circuit Court of Appeals, Case No. 19-55732, and a dismissal cannot be counted against a plaintiff until the plaintiff has exhausted, or waived, their appeal. In support, Plaintiff cites to Adepegba v. Hammons, 103 F.3d 383, 387–88 (5th Cir. 1996), and Campbell v. Davenport Police Dep't., 471 F.3d 952, 952 (8th Cir. 2006). However, both cases have since been abrogated by the Supreme Court, which held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015). The Supreme Court further explained that there is nothing in the plain language of section 1915(g) "that would transform a dismissal into a dismissal-plus-appellate-review," and this reading is consistent with the statute's treatment of the trial and appellate stages of litigation as distinct. Id. at 1763–64. Therefore, Hough is appropriately counted as a strike pursuant to § 1915(g)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's

3

objections, the Court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on October 2, 2019, (ECF No. 10), are adopted in full;
2. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (ECF No. 7), is DENIED;
3. Within **twenty-one (21) days** following the date of service of this order, Plaintiff shall pay the $400.00 filing fee in full in order to proceed with this action;
4. <u>Plaintiff is warned that if he fails to pay the filing fee within the specified time, this action will be dismissed</u>; and
5. This matter is referred back to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: **November 2, 2019**       /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE