| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01057-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 13)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

**I.    Introduction**

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on August 1, 2019. (ECF No. 1.) On September 26, 2019, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 7.)

On October 2, 2019, the assigned Magistrate Judge issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 10.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (Id.) Plaintiff timely filed objections on October 24, 2019. (ECF No. 11.)

1

On November 2, 2019, the undersigned issued an order adopting the October 2, 2019 findings and recommendations in full and denying Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). (ECF No. 12.) The undersigned ordered Plaintiff to pay the $400.00 filing fee in full within twenty-one days from the date of service of the order. (Id.)

On November 22, 2019, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

**II.     Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond [their] control[.]" Id. (internal quotation marks and citation omitted). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff disputes the Court's determination that Hammler v. Director of CDCR, No.

1:17-cv-00097-NJV (N.D. Cal.) ("CDCR") is appropriately counted as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g).  Specifically, Plaintiff asserts that this Court should reconsider its determination that CDCR is properly counted as a strike against Plaintiff because the District Judge in Hammler v. State of California, No. 1:19-cv-00784-DAD-BAM (E.D. Cal.) determined that CDCR does not count as a strike against Plaintiff.

However, it is well settled that, in determining whether a prior dismissal qualifies as a strike pursuant to § 1915(g), a reviewing court must "careful[ly] evaluat[e] … the order dismissing an action, and other relevant information" and "make an independent assessment" of whether the prior action had been dismissed because the action was "frivolous, malicious, or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Knapp v. Hogan, 738 F.3d 1106, 1109-10 (9th Cir. 2013).  Here, the undersigned has carefully evaluated the April 27, 2017 order dismissing CDCR and the March 2, 2017 order screening Plaintiff's complaint in CDCR.  Further, after conducting that review, the undersigned has independently determined that the prior dismissal in CDCR qualifies as a strike pursuant to § 1915(g) because the action was dismissed after Plaintiff failed to file an amended complaint following a screening order dismissing his original complaint for failure to state a claim and failure to exhaust his administrative remedies prior to filing suit.  See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (stating that a dismissal for failure to exhaust administrative remedies counts as a strike under § 1915(g) if the failure to exhaust is apparent from the face of the complaint).

Therefore, Plaintiff's motion for reconsideration is denied.

While Plaintiff's motion for reconsideration was pending, the time allotted for Plaintiff to pay the $400.00 filing fee in full expired.  Therefore, the Court finds that the interest of justice requires that Plaintiff be granted twenty-one (21) days from the date of service of this order to pay the $400.00 filing fee in full in order to proceed with this action.

**III. Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, (ECF No. 13), is DENIED;
2. In the interest of justice, Plaintiff is granted **twenty-one (21) days** from the date of service of this order to pay the $400.00 filing fee in full in order to proceed with this action; and
3. <u>Plaintiff is warned that if he fails to pay the filing fee within the specified time, this action will be dismissed.</u>

IT IS SO ORDERED.

Dated:   **December 18, 2019**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE